# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

THEODIS HILL                                                                                   PETITIONER


v.                                         NO. 4:16-cv-00231 KGB/PSH


WENDY KELLEY, Director of the                                            RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, the objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

Petitioner Theodis Hill ("Hill") began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his 2013 plea of guilty in St. Francis County, Arkansas, Circuit Court to a charge of first degree murder. He filed an application to proceed in the district court without prepayment of fees, a submission the Clerk of the Court construed as a motion to proceed in forma pauperis. The application was denied, and Hill was given thirty days to pay the filing fee. Rather than pay the filing fee, he filed the pending motion to dismiss his petition. See Document 5. In the motion, he represented, in part, the following:

> … please cancel my case as of now due to I have some more murder cases, three, I need to resolve first. I will refile at a later time. I was informed by my public defender to wait to all my cases are resolved first. I'm very sorry. I'm new at this legal work so could you forward me a whole new set to file later. I will file again in Oct. 2016 or beginning of 2017. …

See Document 5 at CM/ECF 1.

The undersigned would have had no hesitation recommending that the motion to dismiss be granted were it not for the impact a voluntary dismissal might have on the one-year limitations period codified at 28 U.S.C. 2244(d).[1] Because the undersigned had some hesitation, the issue was brought to Hill's attention. See Document 6. His motion

---

[1]

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the commencement of the one year period.

was held in abeyance up to, and through, June 22, 2016. He was notified that if he desired to withdraw his motion on or before June 22, 2016, he could do so by filing a motion to withdraw his motion to dismiss, and the motion to withdraw would be granted. If, after June 22, 2016, Hill has gave no indication of how he wanted to proceed, the undersigned would recommend that his motion to dismiss be granted.

June 22, 2016, has now come and gone without a response of any kind from Hill. Given his silence, the undersigned turns to his motion to dismiss. There is nothing to suggest that his motion was made involuntarily or was otherwise made under duress. Consequently, the undersigned recommends that the motion to dismiss be granted. This case should be dismissed without prejudice, and a separate judgment should be entered. The undersigned takes no position on the impact this recommendation or the granting of Hill's motion to dismiss might have on the one-year limitations period codified at 28 U.S.C. 2244(d).[2]

DATED this 25th day of July, 2016.

---

[2]

There is a procedure whereby a case may be stayed and held in abeyance. See Akins v. Kenney, 410 F.3d 451 (8th Cir. 2005). This procedure is only available, though, in limited circumstances, specifically, when a petitioner files a "mixed" petition in that some of his claims are exhausted and some of his claims are not exhausted. In that instance, the district court has the discretion to "enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." See Id. at 455.

The case at bar does not present one of the limited circumstances warranting the stay and abeyance procedure outlined in Akins v. Kenney for at least two reasons. First, Hill has not even completed the requirements for properly filing the petition at bar. Second, the Court has no idea at this juncture whether his petition is a "mixed" petition.

_____
UNITED STATES MAGISTRATE JUDGE